UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

RAVEN M. MCGINTY,

        Plaintiff,

   v.                                        CAUSE NO. 3:21-CV-604 DRL-MGG

INDIANA STATE OF,

        Defendant.

OPINION AND ORDER

Raven M. McGinty, a prisoner without a lawyer, filed a complaint against the State of Indiana. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Under 28 U.S.C. § 1915A, the court still must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against an immune defendant.

Mr. McGinty alleges he is being subjected to inhumane conditions at the Indiana State Prison. ECF 1 at 2. He says there is asbestos and lead in the air, black mold in the showers and cells, unprescribed medication in the drink mixes, and mice and cockroaches in the cells. *Id*. Mr. McGinty also claims prison officers took the inmates cabinets so now there are no lid or locking mechanisms on their boxes. *Id*. Furthermore, he asserts he requested that bloodwork be done because he has tumors, but prison staff would not do the bloodwork because they diagnosed lipomas. *Id*.

Mr. McGinty explains that he did not exhaust his administrative remedies before filing this case. ECF 1 at 4. He states he did not file a grievance because "[n]othing would have been done." *Id*. Mr. McGinty also asserts that the Indiana State Prison is corrupt and does not follow Indiana Department of Correction's procedural guidelines. *Id*. However, prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). There is no futility exception to the exhaustion requirement. *Booth v. Churner*, 532 U.S. 731, 741, n.6 (2001). "Exhaustion is necessary even if the prisoner is requesting relief that the relevant administrative review board has no power to grant, such as monetary damages, or if the prisoner believes that exhaustion is futile. The sole objective of [42 U.S.C.] § 1997e(a) is to permit the prison's administrative process to run its course before litigation begins." *Dole v. Chandler*, 438 F.3d 804, 808-809 (7th Cir. 2006) (citations and quotation marks omitted).

"Failure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015). Nevertheless, "a plaintiff can plead himself out of court. If he alleges facts that show he isn't entitled to a judgment, he's out of luck." *Early v. Bankers Life and Cas. Co.*, 959 F.2d 75, 79 (7th Cir. 1992) (citations omitted). Such is the case here. "[A] suit filed by a prisoner before administrative remedies have been exhausted *must* be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999) (emphasis in original).

For these reasons, this case is DISMISSED WITHOUT PREJUDICE because it was filed before Plaintiff Raven M. McGinty exhausted his administrative remedies.

SO ORDERED.

August 31, 2021                              *s/ Damon R. Leichty*
                                             Judge, United States District Court